(31 Misc. Rep. 733.)

## MAYER v. COE et al.

(Supreme Court, Appellate Term. June 13, 1900.)

APPEAL—COURT'S FINDING—REVIEW.
> Where there was evidence which, if believed by the trial justice, would support his finding, the same will not be set aside on appeal as against the weight of evidence.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Mary Mayer against Katie Coe and another. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Nicoll, Anable & Lindsay, for appellants.
Charles L. Hoffman, for respondent.

PER CURIAM. In April, 1899, the defendants received from the plaintiff a valuable tiger-skin rug to be cleaned and held on storage until its return was required by the latter. For this the defendants were to receive compensation. When the rug was returned, some five months thereafter, it was found to be so seriously damaged as to be worthless. There was evidence given both by the plaintiff and by defendants' witnesses that the rug was in perfect condition when it came into defendants' hands, and the proofs were sufficient, if credited, as they were by the trial justice, to support his conclusion that the injuries complained of happened while the rug was in the custody of the defendants. These facts were sufficient to make out a prima facie case of negligence on their part, which required them to give proofs in rebuttal of the presumption on which the plaintiff's case rested. Their witnesses testified that when the rug was cleaned it was in good condition, and was then carefully wrapped up and placed on a shelf in the storage room, and that it remained where it was placed undisturbed until returned to the plaintiff. What caused the holes that were found in the rug does not precisely appear, although there was some conjecture upon the subject indulged in on the part of the defendants, resting upon an assumption without adequate support in the proofs. There was undisputed evidence, however, that efforts had been made by some one to repair the rents in the rug by the use of paste. The plaintiff denied that this was done after the article had been returned by defendants. An expert, a well-known furrier, called by the plaintiff, examined the rug, which was produced in court, and stated that the injuries were caused, not by any inherent defects in the skin, but by rough handling. We recognize the rule of law to be that the defendants, as bailees, are liable only for a lack of ordinary care, and that the burden is with the plaintiff through the entire case to establish the fact that the defendants were guilty of negligence which was the proximate cause of the injury complained of. But this is not in conflict with the rule that, where the injuries are of such a character as reasonably to import that they would not have happened if proper care had been exercised, a presumption of negligence arises which calls for answering proof on the part of the defendant tending to rebut it. Where such proof is given, it is still a question, at the close of the case, whether the plaintiff has made out a case by a preponderance of proof. The trial justice in the case at bar has found that the plaintiff here has done so, and upon a consideration of all of the evidence, and viewing it, as we must on this appeal, from a standpoint most favorable to the plaintiff, we cannot say that his conclusion is without support in the proofs. We are asked to reverse on the ground that the decision below was against the weight of evidence. Without implying that it is open to any such criticism, it is sufficient to say that this court has repeatedly decided that it will not reverse on such a ground, except where conditions exist which are not present in the case at bar. The judgment must be affirmed.

Judgment affirmed, with costs.