WILLIAM G. CUTHBERT, Plaintiff, *v.* CLARENCE A. RODGER, as Administrator, etc., of JOHN CUTHBERT, Deceased, Defendant.

Supreme Court, St. Lawrence County, May 21, 1927.

**Pleadings — bill of particulars — application by defendant in action to recover portion of estate for order requiring plaintiff to show relationship between his father and decedent — complaint alleging plaintiff is nephew of decedent gives defendant sufficient information — application denied.**

In this action to recover the portion of an estate to which plaintiff claims he is entitled, defendant is not entitled to a bill of particulars requiring plaintiff to specify what, if any, relationship existed between plaintiff's father and the decedent, where it appears that the complaint specifically alleges that said plaintiff is decedent's nephew. The allegation is a plain, unequivocal statement of fact and to direct plaintiff to give further information would simply be compelling him to exhibit the evidence which he expects to produce to substantiate the allegation as to his relationship to the deceased and to disclose the names of the witnesses who will testify thereto; this is not the function of a bill of particulars.

MOTION by defendant for a bill of particulars.

*George E. Van Kennen,* for the motion.

*Hale, Hale & Hale,* opposed.

HEFFERNAN, J. On December 1, 1925, John Cuthbert died intestate and without issue. The plaintiff is the only son of David Cuthbert, also deceased. It is claimed by plaintiff that John and David were brothers and that they were the children of William and Margaret Cuthbert. On January 4, 1926, in the Surrogate's Court of St. Lawrence county, the defendant, without notice to plaintiff, procured his appointment as administrator of the estate of the deceased. He marshalled the assets thereof and distributed the proceeds, ignoring the claims of plaintiff. Subsequently and without the issuance of any process to plaintiff, the account of the defendant was judicially settled and allowed. Plaintiff has brought this action to recover the portion of the estate to which he claims to be entitled. The answer, in addition to a general denial, alleges that plaintiff's father was an illegitimate child of William and Margaret Cuthbert, and that consequently plaintiff has no right of inheritance in decedent's estate.

The question at issue, therefore, is what relationship, if any, existed between plaintiff's father and the deceased. The defendant seeks an order requiring plaintiff to specify whether his father was a legitimate child of William Cuthbert or whether he was a child

by adoption, or otherwise, or whether he was legitimatized by the subsequent intermarriage of his parents.

It seems to me that the defendant is not entitled to particulars in this respect. The complaint specifically alleges that the plaintiff is a nephew of the decedent and that he " is the only child of David Cuthbert, a deceased brother of the said John Cuthbert." This is a plain, unequivocal statement of fact. How the plaintiff could assert his relationship in any clearer language is difficult to understand. The issue to be litigated is very definitely stated. The proper office of a bill of particulars is to inform a party with reasonable certainty the nature of the claim of his adversary in order to prevent surprise and to enable him to intelligently meet the issue upon the trial. A bill of particulars, however, should not be granted so as to require a party to state the grounds upon which he claims to recover or to disclose the nature of the evidence relied on to establish his case. To direct the plaintiff in this instance to give further information would simply be to compel him to exhibit to the defendant the evidence which he expects to produce to substantiate the allegation as to his relationship to the deceased and to disclose the names of the witnesses who will testify thereto. That is not the function of a bill of particulars. From his pleading the defendant is evidently fully informed as to the alleged illegitimacy of plaintiff's father. From all that appears he has ample information on that subject; evidently more than plaintiff possesses. If the defendant is entitled to the information sought then a party, in any case where the question may possibly arise, can be compelled to disclose, in advance of the trial, his pedigree and how and by whom and by what means he proposes to establish it. Not infrequently that might be a difficult and a burdensome task. The proposition that a suitor can be harassed by his adversary and required to give preliminary information on matters involving his birth, parentage, age or relationship, even when these questions are only incidental, is somewhat startling and should not be encouraged. So far as my examination goes, no recorded case has gone to that extent. A bill of particulars is ordered only as required in the interest and due administration of justice. That is not the purpose which is sought to be served here.

The motion is denied, with costs.