EDWARD W. HOBBIE, Plaintiff, *v.* NEIL F. RYAN, Defendant.

Supreme Court, Saratoga County, August 18, 1927.

Pleadings — bill of particulars — action to recover damages to automobile through fire — automobile was in defendant's garage — fire was local to automobile — defendant not entitled to particulars as to negligence — defendant not entitled to names and addresses of persons furnishing parts and services for repairs of automobile nor to statement of prices paid therefor.

In an action to recover damages alleged to have been caused by a fire, which destroyed plaintiff's automobile in part, while it was stored in defendant's garage, defendant is not entitled to a bill of particulars as to the alleged details of the negligence on his part, since proof that the car was stored in the garage for hire, and that it was damaged, raises a presumption of negligence which the defendant must meet and overcome.

The defendant is not entitled to a list of the names and addresses of the people who furnished parts and performed services in the repair of the automobile,

for it is not the purpose of a bill of particulars to disclose the evidence of the plaintiff or the names of his witnesses.

Furthermore, the defendant is not entitled to a statement of the prices paid for the parts used and services in the repair of the car, since evidence of the prices paid for parts and for services in replacing them will not be admissible on the trial to prove the damages suffered by the plaintiff.

MOTION by the defendant for a bill of particulars.

*Pattison & Pattison,* for the plaintiff.

*George H. Smith,* for the defendant.

GOLDSMITH, J.   The defendant was the owner and proprietor of a public garage and, shortly after midnight on the 8th day of September, 1926, received the plaintiff's automobile for storage upon promise of compensation.   When the plaintiff called for the automobile about ten o'clock in the morning of the same day he found that it had been damaged by fire.   This action followed to recover the loss sustained by the plaintiff through the alleged carelessness and negligence of the defendant.

The defendant moved for a bill of particulars concerning the allegations of negligence and damage set forth in the complaint. The demand consists of eight specifications.   Only three require the consideration of the court, as the plaintiff has supplied the facts requested in the other five items. ·

In item " third " the defendant demands to know " in what respect and in what manner did the defendant carelessly and negligently conduct himself."   The complaint recites in substance that the plaintiff's automobile was placed in storage with the defendant for " a stated consideration " and was damaged by fire while it was " in the possession and custody of the defendant." Proof to this effect would make defendant a bailee for hire and chargeable with ordinary care in respect to the property intrusted to him for safekeeping.   (*Mayer* v. *Coe,* 31 Misc. 733.)   What constitutes ordinary care depends upon the circumstances of the case and is a question of fact for the jury.   ˮIt is not likely, however, that, with the exercise of proper supervision, an automobile, while in the storeroom of a garage, would be damaged by a fire that, so far as the pleadings indicate, was local to the car and not general in its character.   Since the automobile was within the care and under the control of the defendant, the jury might fairly infer that the property was damaged through the carelessness and negligence of the defendant.   If the plaintiff is able to establish the allegations of his complaint as to storage and damage, he is entitled to the presumption of negligence arising from such proof and has made out a *prima facie* case for the consideration of the

jury. The plaintiff is not relieved from establishing the negligence of the defendant but he may have the benefit of the presumption of negligence created by the damage to plaintiff's car while in the exclusive control of the defendant. This presumption may be rebutted but the burden is cast upon the defendant to show that an injury which does not ordinarily occur was not occasioned by his negligence. (*Selesky* v. *Vollmer*, 107 App. Div. 300.) The rule that permits the inference in this case is founded in common sense because defendant is supposed to have knowledge concerning matters solely within his control and under his supervision. He has the opportunity to excuse his responsibility if the damage resulted without his fault. It is well established that a plaintiff should not be required to specify in a bill of particulars facts which he will not be required to prove upon the trial and it follows that, upon this motion, he need not furnish information concerning any particular act of negligence. (*DeRoire* v. *Lehigh Valley R. R. Co.*, 205 App. Div. 549.)

In item " seventh " defendant demands the names and addresses of the persons who furnished parts for the repair of the damaged automobile and of the persons who installed these parts. Clearly the defendant is not entitled to this information. Plaintiff is not required to disclose his evidence and to divulge the names of the witnesses who will testify in his behalf. The purpose of a bill of particulars is to amplify a pleading and indicate specifically the claim set up. (*Cuthbert* v. *Rodger*, 129 Misc. 584.)

In item " eighth " defendant asks for " an itemized statement of the amounts that the plaintiff paid for said parts and services, and the day and date when payment was made." In response to the " sixth " request the plaintiff has furnished a list of the parts required to be replaced by the defendant. What was paid for the parts and for the services in replacing them would not be competent proof by the plaintiff upon the trial and defendant cannot have this information. The measure of plaintiff's damage in this connection, so far as this application is concerned, is the reasonable value of the labor and material necessary to repair the damage.

The plaintiff has substantially complied with the " first," " second," " fourth," " fifth " and " sixth " demands, and the motion in respect to the " third," " seventh " and " eighth " demands is denied. No costs.

Submit order.