## ESCHINGER v. UNITED MUT. FIRE INS. CO. et al.

### No. 660.

Municipal Court of Appeals for the District of Columbia.

Oct. 27, 1948.

Thomas B. Heffelfinger, of Washington, D. C. (W. Cameron Burton, of Washington, D. C., on the brief), for appellant.

Frank F. Roberson, of Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This action was commenced by an individual and an insurance company. The individual will be referred to as the plaintiff. Plaintiff engaged defendant to make certain repairs to plaintiff's automobile. While in possession of defendant the automobile was damaged by fire. The insurance company paid plaintiff the cost of repairing the damage and plaintiff and the insurance company brought this action to recover the cost of repairs plus damages for loss of use of the automobile while being repaired.

Plaintiff testified that he left his automobile with defendant late in December to have work done on the valves, ignition system and carburetor; that the car was apparently in good condition; that thereafter defendant notified him the work had been completed but stated that while the car was being road-tested the radiator cap blew off and the anti-freeze solution overflowed on the engine, igniting and damaging the automobile; and that plaintiff went to defendant's garage, saw the automobile and learned it had been damaged by fire. The cost of repairing the damage was $303.40 and plaintiff testified that during the time it was being repaired he spent from $80 to $100 for taxicab fares. Defendant offered no testimony and the court, sitting without a jury, awarded judgment in favor of the insurance company for $303.40 and in favor of plaintiff for $80.

■ On appeal defendant contends that he was entitled to a finding in his favor as a matter·of law. It is well settled in this jurisdiction that proof of delivery of goods to a bailee for hire and failure of·the bailee to return the goods or the return of them in damaged condition, makes out a prima facie case of liability on the part of the bailee.

"In other words, the facts of the occurrence, unexplained, warrant the inference of negligence, and call for explanation from the bailee, because he alone is in a position to make it." Sims v. Roy, 42 App. D.C. 496, 499.[1] Defendant recognizes this rule but says it has no application when plaintiff's own evidence discloses that the loss or injury was due to fire. For this proposition he relies heavily on Southern R. Co. v. Prescott, 240 U.S. 632, 640, 36 S.Ct. 469, 473, 60 L.Ed. 836, wherein it was said: "As it is the duty of the warehouseman to deliver upon proper demand, his failure to do so, without excuse, has been regarded as making a. prima facie case of negligence. If, however, it appears that the loss is due to fire, that fact in itself, *in the absence of circumstances permitting the inference of lack of reasonable percautions,* does not suffice to show neglect, and the plaintiff, having the affirmative of the issue, must go forward with the evidence." (Italics supplied.)

The italicized portion of the above quotation, must be considered in the light of the facts of the case there considered. The facts were that the warehouse and contents were destroyed by fire early in the morning when the warehouse was closed. Thus, there were no circumstances permitting inference of lack of reasonable precaution. In the present case, however, the fire was not a general one but was confined to the bailor's automobile and occurred while the automobile was being operated by the bailee or his agent and after it had been repaired by them. Therefore, there were circumstances in this case from which negligence on the bailee's part could be inferred and the bailee was in a position to explain the occurrence and show his freedom from fault if such was the case.[2]

■ But while we believe that the evidence presented a prima facie case upon

[1] See also *Medes v. Hornbach,* 56 App. D.C. 13, 6 F.2d 711; *Barclay, Inc. v. Maxfield,* D.C.Mun.App., 48 A.2d .768; *Quinn v. Milner,* D.C.Mun.App., 34 A.2d 259.

[2] *Burt v. Blackfoot Motor Supply Co.,* 67 Idaho 548, 186 P.2d 498; *McDonald v. Breaux Ballard, Inc.,* 298 Ky. 438, 183 S.W.2d 26; *Royal Ins. Co. v. Collard Motors,* La.App., 179 So. 108; *Hobbie v. Ryan,* 130 Misc. 221, 223 N.Y.S. 654; *Lake Union Dry Dock & Machine Works v. United States,* 9 Cir., 79 F.2d 802; cf. *Carscallen v. Lakeside Highway Dist.,* 44 Idaho 724, 260 P. 162.

which the court could have found negligence on the part of the bailee, we also believe that such evidence did not compel such a finding.

This conclusion renders particularly important the finding of the trial court contained in a written memorandum filed by it. In this memorandum the trial court summarized the pleadings and evidence and then stated: "The Court takes judicial notice that automobiles are equipped with a device for reflecting the temperature of the water and finds that the bailee was negligent in continuing the road test without heeding the warning reflected by the device in the car for that purpose and, as a direct result of that negligence, the radiator boiled over and the fire ensued. The proximate cause of the damage to Plaintiff's car was negligence of Defendant."

 It results that the trial court did not make a general finding that the bailee was negligent, but based its finding upon the fact of which it said it took judicial notice that "automobiles" are equipped with a device for reflecting the temperature of the water. It then went on to say that it found that the bailee was negligent in continuing the road test without heeding the warning reflected "by the device in the car for that purpose." While it is argued that the finding that this particular car was equipped with a warning device is an inference which the trial court was entitled to make, we cannot escape the conclusion that in reality the court took judicial notice that this automobile, like automobiles generally, was equipped with such a warning device. We do not believe the trial court was justified in taking judicial notice of any such fact or in drawing such an inference. At the time of the fire this automobile was about twelve years old. There was not a word of evidence that there was ever a temperature gauge on this particular automobile or whether it was connected and functioning at the time. We can see no difference between taking judicial notice that automobiles generally are equipped with temperature gauges, followed by an inference that this particular automobile was so equipped, and taking judicial notice that this automobile was equipped with a temperature gauge. The result is the same

in both instances, and we believe both results equally unjustified by the legal rules respecting judicial notice. We believe that to base a finding of negligence on such a premise is worse than piling inference upon inference. It is fashioning a judgment out of no evidence at all.

Since the judgment was based upon the court's finding, we conclude that the judgment must be reversed and a new trial ordered. We think we should emphasize, however, that we are not holding that there should have been a judgment for appellant. On that point we can only repeat that the evidence presented at this trial would have justified but not compelled a finding for appellees, and thus would also have supported a judgment for appellant.

 Since the case must be retried, we note, finally, appellant's position that the trial court was in error in allowing the cost of taxicab fares as an item of damages. The argument is made that, because there was no testimony that the automobile was used in plaintiff's business and no evidence of the rental value of the automobile or of any other automobile and no evidence that plaintiff rented an automobile other than taxicabs, there can be no recovery for loss of use of the automobile. W. B. Moses & Sons v. Lockwood, 54 App.D.C. 115, 295 F. 936, 33 A.L.R. 1467, is cited in support of this argument. In that case it was held there could be no award for rental or use value without some evidence of such value. However, we do not understand that case to hold that the only measure or criterion of damages for loss of use of an automobile is its rental or use value. Here plaintiff made no claim for rental value but instead claimed that by reason of being deprived of the use of his car he was compelled to make use of taxicabs and expend money therefor. This was a natural and direct consequence of defendant's negligence and constituted a proper item of damages, provided the expenditures were not unreasonable; and we see nothing unreasonable in taxicab fares of $80 over a period of forty-eight days. The trial court took judicial notice, as we think it could, that plaintiff could not have rented another car for the period for less than he paid in taxicab fares. Therefore, if we assume that rental

value is the maximum allowable for loss of use, plaintiff minimized his damages by use of taxicabs and defendant cannot complain of this.

■ With respect to lack of evidence that plaintiff used his car in his business, we do not understand W. B. Moses & Sons v. Lockwood, supra, to hold that only when an automobile is used in business can there be recovery for loss of its use. Such a holding would be contrary to current authority. Brooklyn Eastern District Terminal v. United States, 287 U.S. 170, 53 S.Ct. 103, 77 L.Ed. 240.

Reversed, with instructions to award a new trial.

HOOD, Associate Judge (dissenting).

I cannot agree with the opinion of the court which, although holding that had the trial court on the evidence here made a general finding of negligence the judgment would be affirmed, holds that because the trial court stated the inferences it drew from the evidence in reaching its conclusion of negligence the judgment should be reversed.

The trial court took judicial notice of one fact only, namely, that automobiles generally are equipped with devices for reflecting the temperature of the water in the cooling system. From that fact, in the absence of any evidence to the contrary, the court drew the inference that this particular automobile was so equipped and that such equipment was in working order. I see nothing unreasonable in such an inference. There was evidence that the radiator cap blew off and the anti-freeze solution overflowed on the engine and ignited. From this evidence the court inferred that the radiator cap was caused to blow off by overheating, that before the temperature reached this dangerous point a warning was given by the temperature gauge, and that the operator of the automobile, presumably an experienced mechanic, engaged in road-testing the car, should have observed the warning and taken steps to remedy the situation before the damage was done.

I see nothing unreasonable in any of the inferences drawn and I think they all had support in the evidence. Certainly there was no evidence contradicting or opposing any of the inferences. In all cases of this sort some inferences must be drawn and especially so where the defendant, who is in a position to explain, offers no explanation. Indeed, inferences play their part in nearly every law suit where there are factual issues. "Inference is capable of bridging many gaps." Galloway v. United States, 319 U.S. 372, 386, 63 S.Ct. 1077, 1085, 87 L.Ed. 1458. The jury, or court sitting without a jury, is entitled to draw any inference that seems reasonable to it so long as such inference has evidentiary basis. "The very essence of its function is to select from among conflicting inferences and conclusions that which it considers most reasonable." Tennant v. Peoria & Pekin Union R. Co., 321 U.S. 29, 35, 64 S.Ct. 409, 412, 88 L.Ed. 520. "Probable causes may be inferred from apparent effects, despite the possibility of error that inheres in all human observation and all human inferences." Doctors Hospital, Inc. v. Badgley, 81 U.S.App.D.C. 171, 172, 156 F.2d 569, 570.

The majority appear to be of the opinion that too many inferences were drawn. However, there is no reason why more than one inference cannot be drawn from one fact or set of facts and modern authorities hold that an inference may be based on an inference. Wigmore, Evidence, (3d Ed.) § 41. Furthermore a certain amount of speculation and conjecture is permitted. "Whenever facts are in dispute or the evidence is such that fair-minded men may draw different inferences, a measure of speculation and conjecture is required on the part of those whose duty it is to settle the dispute by choosing what seems to them to be the most reasonable inference. Only when there is a complete absence of probative facts to support the conclusion reached does a reversible error appear." Lavender v. Kurn, 327 U.S. 645, 653, 66 S.Ct. 740, 744, 90 L.Ed. 916.

In my opinion it was necessary for the trial court, in order to decide the case on the evidence presented, to draw certain inferences, and it appears to me that the inferences drawn were not without basis in the evidence. Accordingly I think the judgment should be affirmed.