SCHMIDT, Respondent, vs. SCHABOW, Appellant.

*October 8—November 3, 1953.*

For the appellant there was a brief by *Winter & Winter* of Shawano, and oral argument by *Douglas D. Winter*.

For the respondent there was a brief by *Eberlein & Eberlein* of Shawano, and oral argument by *Frederic C. Eberlein*.

GEHL, J.  As appears from the foregoing, the case was tried upon the theory that the defendant was or was not guilty of *negligence* in his failure to place enough oil in the crankcase for the proper operation of the motor.  The case should not have been tried upon that theory.  When the plaintiff requested the defendant to fill her crankcase and the defendant undertook to do so they assumed the relationship of contractors.  If the defendant failed to do so his failure was a breach of the contract, whether it resulted from his negligence or otherwise.

This court has upon some occasions, not too frequent, remanded for new trial cases tried upon an erroneous theory.  In those cases the record appeared to be such as to require the court to conclude that there had not been a determination of the real issues.  That is not the case here.  Question (1) of the verdict required the jury to find whether defendant *negligently* failed to put the proper amount of oil in the crankcase.  Although the word "negligently" is included in the question, it may for the purposes of this appeal be considered as surplusage.  The jury's affirmative answer to the question is a finding that defendant had failed to put the proper amount of oil in the crankcase, and the fact that it may have resulted from his negligence is immaterial; the jury's finding that he failed to put in the proper amount is in fact a finding that he had breached his contract.

Question (2) of the verdict inquired whether such *negligence* was the proximate cause of the damage to the car.

Again, the word "negligence" is used, and for the same reason we may treat it as surplusage; the answer to the question must be treated as a finding that the defendant caused the damage to the car.

We must therefore treat the action as though it had been tried and determined upon the theory of breach of contract and examine the record to ascertain whether there is evidence to support the jury's finding that there was a breach, and to determine further whether defendant availed himself of the only defense available to him.

Defendant contends that the court erred in refusing to direct a verdict in his favor; that there is no proof to support the jury's finding that he failed to put the proper amount of oil in the crankcase of the car. Plaintiff took her car to defendant's filling station for the purpose of having the oil changed and the car greased. She paid defendant for such service. While the work was being done the plaintiff observed a part of the operation but testified that because she was not constantly attentive and further because of the fact that defendant left her car several times to serve other customers she did not observe how much oil had actually been placed in the crankcase.

Mr. Schwartz, the operator of the filling station which plaintiff reached after she discovered the noise in her motor, testified that there were only two possible means by which all of the oil could escape and a motor be ruined after driving a distance of twelve miles; it would have to result either from a failure to replace a plug, thereby closing the opening through which the oil might leave the crankcase, or by means of a hole in a pan below the motor. He testified further that his inspection showed that the plug had been inserted and was still in the crankcase and that there was no defect in the oil pan. Two other mechanics who inspected the car testified to the same effect.

Plaintiff testified that when defendant arrived at the Schwartz station in response to a telephone call he wanted to look at the car "to see what damage he had done." She testified that in a later conversation he said to her that he had not made up his mind whether he had put oil in the crankcase or not. The testimony of the plaintiff as to these conversations is not disputed.

We are of the opinion that there is ample testimony in the record to sustain the jury's finding that the defendant had failed to comply with his implied agreement to place sufficient oil in the crankcase to enable plaintiff to drive her car without danger of injury.

If the testimony presented any issue with respect to plaintiff's conduct it was not one which called for the application of the doctrine of contributory negligence. Nothing which she did at the service station can be construed as a factor contributing to the damage caused by defendant's failure. The loss to plaintiff would have resulted regardless of her conduct there. If the plaintiff is to be charged with any failure of duty it must be upon the theory that she failed after she heard the noise to so act as to mitigate the damages resulting from the defendant's omission. Her contribution to the result, if there is any contribution, was occasioned by her continuing to drive the car after she discovered the noise. Her conduct, thereafter, was such as to present an issue as to whether it added to the loss which resulted from the defendant's conduct. In other words, the issue of her negligence was not in the case. See Anno. 81 A. L. R. 282. If she is to be charged with any breach of duty it must be determined to what extent, if any, she contributed to the loss, and whether she failed in her duty after she heard the noise to mitigate the damages. The most that can be said of plaintiff is that by her omission or failure she enhanced the damages.

The answer does not plead facts in mitigation of damages. The authorities are not in accord on the question whether

that issue must be pleaded. 25 C. J. S., Damages, p. 780, sec. 142; 15 Am. Jur., Damages, p. 764, sec. 324. The recognition of either rule would nevertheless require presentation by the defendant of facts permitting a reasonable estimate as to how much the damages could have been mitigated or to what extent plaintiff enhanced them. 25 C. J. S., Damages, p. 816, sec. 162. No proof was offered by the defendant on that issue, nor did he request that questions bearing upon it be submitted to the jury.

Our determination makes it unnecessary to consider whether the court erred to the prejudice of plaintiff in calling the jury from the jury room to submit to it supplemental questions, all in the absence of plaintiff's counsel. Under different circumstances and if such act were found to be prejudicial to one of the parties, we would, of course, be required to order a new trial.

*By the Court.*—Judgment affirmed.