PARKING MANAGEMENT INCORPORAT-
ED, a corporation, Appellant,

v.

H. B. JACOBSON, Jr. and Government Em-
ployees Insurance Company, a cor-
poration, Appellees.

No. 4714.

District of Columbia Court of Appeals.

Argued July 22, 1969.

Decided Oct. 15, 1969.

Herman Miller, Washington, D. C., for appellant.

George H. Eggers, Silver Spring, Md., for appellees.

Before KERN, GALLAGHER and NE-BEKER, Associate Judges.

NEBEKER, Associate Judge:

This is an appeal from a judgment based on a trial finding that appellant was responsible for total damage to an automobile, notwithstanding a posted notice of limited liability and a contention that the individual appellee failed to mitigate damages. The trial court found that while the car, a Volkswagen, was in appellant's custody pursuant to a bailment agreement it sustained damage to the right-rear portion. It also found that as a result of the impact the engine was damaged such that, upon subsequent operation, it lost the oil from the crankcase and was ruined. The court entered judgment for Jacobson [1] for $80.25,[2] and for the appellee insurance company for $294.61, the amount it paid under Jacobson's collision insurance policy.

The evidence revealed that Jacobson left the car in appellant's parking lot with the key in the car so the lot attendant could park it. Upon returning that evening, Jacobson presented his claim ticket, paid the fee, and when the car was brought down, he drove away without noticing any damage to the car. Since he had an appointment with a client that evening in near-by suburban Maryland, Jacobson drove out of the city to a high-speed highway which took him within a mile of his destination. After driving a few miles, at speeds up to 65 miles per hour, he observed a warning light on the instrument panel go on. He had never seen it on before. He also confessed that in the preceding eleven months that he had owned the car, he had not familiarized himself with the owner's manual and its instruction to stop if the oil pressure warning light went on while driving. After two more miles, the engine began to run unevenly, but Jacobson continued about three more miles to his client's home where he left the car. The next day he had the car towed to a garage where it was repaired.

Plaintiff's expert witness testified that the damage to the right-rear fender and bumper caused the right valve cover of the engine to be knocked loose such that when driven as on the night in question, the oil slowly seeped out. His description of the damage caused when plaintiff continued to drive revealed that the engine was completely ruined.

■ We hold the trial court did not err in rejecting appellant's contention that it had successfully limited its liability to damage claimed before leaving the parking lot. Plaintiff testified that he was not aware of such a condition of liability when he left the car at the lot. Absent proof that he expressly or impliedly agreed to such limitation at the time of the bailment contract, the effort to limit liability was unilateral and of no effect as between appellant and Jacobson. See Manning v. Lamb, D.C.Mun. App., 89 A.2d 882, 884 (1952). See also Hallman v. Federal Parking Services, D.C. Mun.App., 134 A.2d 382, 386 (1957).

Appellant's remaining contention relates to his pleaded claim that Jacobson failed in his duty to mitigate damages by stopping when he was put on notice of lack of engine oil pressure. Reliance is properly placed on the testimony of plaintiff's expert witness which reflects that had Jacobson stopped when he noticed the trouble the engine damage would have been less.

1. We cannot agree with appellant that because Jacobson registered the car in his wife's name he is deprived of standing to sue. Jacobson purchased the car with his funds and paid for a portion of the damage not covered under the insurance policy.

2. Appellant complains that the court erred in computing damages for Jacobson at $180.25. While the transcript of the trial finding reflects this to be the case, the error was corrected in the judgment subsequently filed.

There is no question that Jacobson had a duty to do all reasonably within his power to mitigate the damages. A failure on the part of a plaintiff to avoid damage by doing what an ordinary and prudent man would do renders that damage the result of his own negligence or indifference and not the direct or natural consequence of the defendant's wrong. W. B. Moses & Sons v. Lockwood, 54 App.D.C. 115, 120, 295 F. 936, 941, 33 A.L.R. 1467 (1924). We hold that an operator of an automobile is charged with a standard of care such that when he observes through the oil pressure indicator that the engine oil pressure has failed he must stop to avoid further engine damage when it is reasonable and safe to do so. In Schmidt v. Schabow, 265 Wis. 154, 60 N.W.2d 735, 38 A.L.R.2d 1449 (1953), the Supreme Court of Wisconsin appears to have adopted such a rule, but holds that failure to mitigate damages must be pleaded. Cf. Kern v. Bumpas, 102 So. 2d 263 (La.1958). Moreover, we conclude such a duty may not be avoided by a claimed ignorance of the meaning of the instrumentation designed to warn of such condition. We think it reasonable in our mobile and mechanized society to charge drivers of automobiles with such rudimentary or fundamental knowledge. It requires no more technical knowledge to stop when such a warning is seen than it does to know the meaning of the high-beam indicator for the head lights or of the significance of the fuel gauge when it approaches the "empty" mark. Surely, no responsible person can expect to drive an automobile today without at least this much understanding of the machine.

The trial court appears to have taken this view. It held, on the basis of judicial notice, that the highway in question was dangerous and, therefore, excused Jacobson from the duty to stop when he noticed the light and engine irregularity. We think, however, that such a factual conclusion is not a proper subject of judicial notice under the circumstances of this case. Cf. Eschinger v. United Mut. Fire Ins. Co.,

D.C.Mun.App., 61 A.2d 725 (1948). It was between 9:30 and 10:00 p.m. Jacobson testified that the weather was clear and traffic was light. He also testified that after the engine trouble became apparent he looked for a roadside telephone from which to call the client and finding none he continued driving. Thus, his own testimony refutes and leaves unsupported the finding that traffic conditions excused failure to stop.

Accordingly, we affirm the trial finding of liability for the damage done by the impact and reverse the trial finding of liability for repair of the engine.

Reversed and remanded for modification of judgment.