## SUPREME COURT.

JONATHAN W. FREEMAN, appellant agt. JOHN R. SCHROEDER, and others, respondents.

The mortgage first recorded is presumptively the prior lien, and entitled to the surplus on a foreclosure and sale.

This presumption may be overcome by proof that the mortgage first recorded was not, by verbal agreement between the mortgagor and mortgagee, to become operative until the whole consideration was paid, and that the second mortgage was delivered and recorded before such payment.

An agreement between the second mortgagee and the mortgagor, that the mortgage should be second in order as a lien to another outstanding mortgage, is valid, and the assignee of such second mortgage has no equity to disturb the prior lien of the outstanding mortgage greater than his assignor.

*New York General Term, November*, 1864.

*Before* LEONARD, BARNARD *and* SUTHERLAND, *Justices.*

APPEAL from an order declaring the order of liens to surplus moneys arising on a mortgage foreclosure sale.

A. J. VANDERPOEL *and* S. B. BROWNELL, *for appellant.*
PADDOCK & CANNON, *for respondents.*

By the court, LEONARD, J. The mortgage to Rose, under which Mallory claims, was recorded June 8th, 1861, and that to Stevens, under which Freeman claims, was recorded two days later. The time of the actual delivery of neither of these mortgages is proven. The mortgage first recorded is presumptively the prior lien, and entitled to the surplus in question. The burden is, therefore, upon the holder of the junior mortgage to overcome this presumption of law. The date of the acknowledgment is not, standing by itself,

evidence of the delivery of the mortgage. The record is evidence of delivery in a greater degree, because the instrument is not then in the possession of the mortgagor, but even the record is not conclusive evidence of a delivery. The mortgage may have been recorded conditionally, to become operative, perhaps, when the consideration has been received by the mortgagor, as often occurs in practice. A verbal agreement between the mortgagor and the mortgagee, in respect to the time when the mortgage shall become operative, is valid, notwithstanding the record.

In the present case, the sum of $6,000, part of the consideration of the mortgage under which Mallory claims, was had by the mortgagor long before the execution of the mortgage, but it is uncertain whether the sum of $2,000, the residue of the consideration of that mortgage, was advanced until some time during the 10th day of October, 1861, upon which day the mortgage under which Freeman claims was recorded. This latter sum may have been paid, or the check for it delivered to the mortgagor before that day, but it is not certain that it was so. But if the proof is put in the most favorable light for Freeman's claim, the mortgage of Mallory became operative for its whole amount on the same day that the mortgage held by Freeman was recorded. It was necessary then for Freeman to show only that his mortgage had been delivered prior to the payment of the sum of $2,000, to cause it to become, in the absence of other proof on the part of Mallory, to that extent entitled to a priority in the order of payment. The mortgage of Freemen was given to secure an antecedent debt, and the instrument became operative instantly upon an unconditional delivery. But Freeman has failed to show any delivery of the mortgage under which he claims, prior to the delivery of the check for $2,000, which made up the remaining consideration of the mortgage held by Mallory. Ross was not affected by the lien of the mortgage to Stevens, so as to prevent him from advancing the

$2,000, until he had notice of its existence, either constructively by the record, or by actual knowledge of its delivery. There is no evidence that Ross had any notice of the mortgage to Stevens, when he advanced the $2,000, either actual or constructive, even if we assume that the mortgage had in fact been delivered, as to which we are without evidence.

It also appears in evidence that it was agreed between Stevens and the mortgagor, that the mortgage to Stevens, under which Freeman claims, should be second in order as a lien to the mortgage to Ross, under which Mallory claims. This agreement was valid between the parties, because made prior to the delivery of the mortgage, and while the mortgagor had the right as well as the means of fixing a condition to the delivery, and the order of priority between the liens about to be created. The record was evidence of the priority of the Mallory mortgage, when Freeman acquired the mortgage under which he claims. He has no equity to disturb the prior lien of the mortgage held by Mallory greater than that of his assignor, Stevens. The time of the record, as well as the agreement referred to, strengthen the claim under the mortgage held by Mallory. The admission of the evidence respecting the statements made by Stevens, the former owner of the mortgage now held by Freeman, was an error. The subsequent purchaser of chattels is not affected by the oral declarations of the prior owner, unless they have been brought to his knowledge before he became the purchaser. The error does not, however, help the case of Freeman, as his proof fails to establish a prior claim, without reference to the evidence improperly admitted against his objection.

The order appealed from should be affirmed, with $10 costs.

BARNARD, J. I concur, upon the ground that it was agreed between Beebe and Stevens, at the time the mortgage was given to Stevens, that such mortgage should be

subsequent to the mortgage given to Ross for $7,000. The testimony of Ross as to the statements made by Stevens, was clearly improper. But as there is no evidence whatever, tending to contradict the testimony given by Beebe, as to the agreement made by him with Stevens, I think the evidence as to the statements made by Stevens may be considered as harmless evidence, and that the error in admitting it may be disregarded on this appeal.