TROMPCZYNSKI, Respondent, vs. STRUCK, imp., Appellant.

*January 9 — February 2, 1900.*

*Mortgage: Priority: Agency.*

On application to C. for a loan, C. induced plaintiff and H. to furnish the money, and thereupon C. took separate mortgages for the amount each contributed, both mortgages running to C. as mortgagee, he and the mortgagor, neither plaintiff nor H. being present, agreeing that the mortgage for plaintiff should be the first mortgage. Both mortgages were executed, delivered, and recorded at the same time, and afterwards assigned to plaintiff and H. respectively. In an action to foreclose plaintiff's mortgage, H.'s assignee was made a defendant, as claiming an interest in the premises subordinate to plaintiff's lien. *Held,* that C. was an agent of the mortgagees, respectively, and his agreement was in legal effect an agreement of H., made with full knowledge of the facts, and binding on him and his assignee in the absence of a showing that H.'s assignee was a *bona fide* purchaser, for value, without notice of such agreement.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

*V. W. Seely,* for the appellant.

For the respondent there was a brief by *Fiebing & Killilea,* and oral argument by *O. J. Fiebing.*

CASSODAY, C. J.    This action was commenced June 24, 1897, to foreclose a note and mortgage for $500 and interest,

brought against the mortgagors and the defendant _Gustav Struck_, as the holder of a subsequent mortgage for $300, and against another defendant having a subsequent-interest or lien upon the premises.     The _lis pendens_ was filed therein June 25, 1897, and after the complaint had been filed therein. All the defendants made default, except _Struck_, who answered by way of admissions, denials, and counter allegations to the effect that the lien of his mortgage was not subordinate to the lien of the plaintiff's mortgage, but that both notes and mortgages were made, executed, and delivered at the same time, and that both mortgages were recorded at the same time, and that the lien of neither mortgage was prior to that of the other, but that both stood upon an equality.

At the close of the trial it appeared, either from the undisputed evidence or the findings of the court, in effect, that the mortgagors applied to one Czerwinski to procure a loan for them of $800; that Czerwinski, having induced the plaintiff to loan $500, and one Charles Hahn to loan $300, met the mortgagors October 22, 1894; that both notes and mortgages were made, executed, and delivered by the mortgagors to Czerwinski on that day, and at the same time,— the $500 note and mortgage running to the plaintiff, and the $300 note and mortgage running to Charles Hahn; that neither the plaintiff nor Charles Hahn was present at the time; that Czerwinski had then received $500 from the plaintiff to make his loan, and three days afterwards he received from Charles Hahn a check for $300 to make his loan; that, at the time of the execution and delivery of the notes and mortgages to Czerwinski, he had informed the mortgagors, and it was understood between them, that the note and mortgage to the plaintiff for $500 was to be the first mortgage, and that the note and mortgage to Hahn for $300 was to be the second mortgage; that Czerwinski continued to hold both mortgages until November 13, 1894, when he recorded both mort-

gages at 1:45 p. m.,— the plaintiff's mortgage in Volume
335 of Mortgages, on page 50, and Hahn's mortgage in the
same volume, on page 51; that Czerwinski only paid to the
mortgagors a small part of the money at the time of the de-
livery to him of the notes and mortgages, but, according to
an understanding between them at the time, retained most of
the money until after the mortgagors had completed a build-
ing on the mortgaged premises, about to be constructed or
then in process of construction, and when completed the
same was paid over to them; that both notes and mortgages
were payable three years after date; that the interest on
the plaintiff's mortgage was at seven per cent. per annum, and
was payable semi-annually, and that by reason of the default
in the payment thereof the plaintiff notified the mortgagors
June 17, 1897, that he had elected to declare the whole
amount due, under the usual clause of the mortgage author-
izing the same; that December 3, 1894, Charles Hahn, for
value received, duly sold, assigned, and delivered the note
and mortgage so payable to him to the defendant *Struck*,
and that such assignment was duly recorded December 14,
1896; that the interest on the Hahn note and mortgage was
at seven per cent. per annum, and was payable annually;
and that, by reason of default in the payment thereof, *Struck*
notified the mortgagors August 4, 1897, that he had elected
to declare the whole amount due and payable. Upon such
facts the trial court found that the plaintiff's mortgage was
the first mortgage, and the prior lien upon the premises,
and that *Struck's* mortgage was the second mortgage, and
subject and subordinate to the plaintiff's mortgage, and or-
dered the usual judgment of foreclosure and sale accord-
ingly. From the judgment so entered the defendant *Struck*
brings this appeal.

The mortgagors negotiated with no one in respect to either
of the loans or mortgages, except Czerwinski. Neither of
the mortgagees was present at the time of the execution or

delivery of the notes and mortgages, or either of them. No one represented or appeared in behalf of either of such mortgagees during such negotiation, nor at any time during the execution or delivery of such notes and mortgages, or either of them, except Czerwinski. Czerwinski must be regarded as the agent of such mortgagees, respectively, in negotiating such loans and receiving such notes and mortgages. Czerwinski's agreement, with full knowledge of the facts, that the plaintiff's mortgage should be the first mortgage, and a prior lien upon the premises to the Hahn mortgage, was in legal effect the agreement of Hahn, with full knowledge of the facts, and hence binding upon him. Thus, it was held in New York at an early day that "although two mortgages upon the same premises, given to different persons, bear the same date and are acknowledged at the same time, if it appears that it was the agreement and intention of all parties that one of the mortgages should have a preference over the other, so as to be a prior lien upon the premises, the law, for the purpose of carrying into effect that intention, presumes that the mortgage which was intended to be preferred was delivered first." *Jones v. Phelps*, 2 Barb. Ch. 440. To the same effect, *Freeman v. Schroeder*, 43 Barb. 618; *Gilman v. Moody*, 43 N. H. 239; *Mut. L. Ins. Co. v. Sturges*, 33 N. J. Eq. 328. This has been held to be so even where the mortgage so postponed was first recorded. *Rigler v. Light*, 90 Pa. St. 235. So it was held in New York that "where two mortgages upon the premises are recorded at the same time, and each mortgagee is cognizant of the giving of the other mortgage at the time that he takes his own, the recording acts have no application to the case, in respect to the question of priority." *Jones v. Phelps*, 2 Barb. Ch. 440. This is in harmony with the rulings of this court. *Butler v. Bank of Mazeppa*, 94 Wis. 351. There is nothing in the record to indicate that the plaintiff's mortgage was not to be the prior lien upon the premises. In one of the

New York cases cited it was held that the assignee of such second mortgage had no greater right than his assignor possessed to disturb the lien of the prior mortgage. *Freeman v. Schroeder*, 43 Barb. 618. But, assuming that there might be circumstances which would give the assignee of a second mortgage a prior lien upon the premises, yet there is nothing in the record to indicate that *Struck* was a *bona fide* purchaser for value, without notice of the agreement that the plaintiff's mortgage should be first and the Hahn mortgage second. *Butler v. Bank of Mazeppa*, 94 Wis. 351, and cases there cited. We must hold that the plaintiff's mortgage was the prior lien upon the premises.

*By the Court.*— The judgment of the circuit court is affirmed.