ALLISON, Respondent, vs. MANZKE and others, imp., Appellants.

*April 21—May 8, 1903.*

*Mortgages: Assignments: Priority:* Bona fide *purchaser: Construction of statutes.*

1. Under sec. 2241, Stats. 1898 (providing that every conveyance of real estate within this state which shall not be recorded, as provided by law, shall be void as against any subsequent purchaser in good faith and for a valuable consideration, of the same real estate, or any portion thereof, whose conveyance shall first be duly recorded), the term "conveyance" embraces a mortgage, and the term "purchaser" embraces a mortgagee.

2. K. held certain lands under a contract for purchase and negotiated a loan of $2,500 from plaintiff's assignor, and on September 7 executed therefor a note secured by mortgage on such land. The vendor under the land contract executed a deed confirming the title in K. on September 6, which he acknowledged September 8, and recorded September 12. This deed recited a consideration of $1,450, although the land was worth $3,500. Upon September 13, plaintiff's assignor, upon assurances from the records of perfection of title in K., paid over $2,000, received the note and mortgage, and immediately placed the same on record, and two days later paid over the remaining $500. Two other mortgages on the premises were executed by K. on September 1, but were not recorded until September 14. *Held*, that by force of the statute (sec. 2241, Stats. 1898), the mortgages executed by K. on September 1, and recorded September 14, were void as against that held by plaintiff, a subsequent purchaser in good faith and for a valuable consideration.

3. In such case, the mere fact that plaintiff's assignor made no inquiry as to whether K. had given any mortgage on the premises before receiving his deed is without significance.

4. The assignee of a chose in action stands exactly in the shoes of his assignor. He succeeds to all his rights and privileges, but acquires no greater right than his assignor had in the thing assigned.

5. Plaintiff was assignee of H., a mortgagee whose mortgage was superior to that of defendant's assignor by reason of having been first recorded. Defendant's assignment was, however, recorded before that of plaintiff. *Held*, that the recording of defendant's assignment gave him no superior lien on the mortgaged premises, as against H., or plaintiff as his assignee, than that possessed by defendant's assignor.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge.  *Affirmed.*

This action was commenced March 22, 1901, to foreclose a mortgage executed September 7, 1894, by the defendants Frank Kosecki and wife, to one Henry Herman, upon the lands described, and which mortgage was recorded in the register's office September 13, 1894, and was given to secure a promissory note for $2,500, executed by the said Frank Kosecki, to the said Herman at the same time as the mortgage, payable three years from that day, with interest semiannually at six per cent. per annum.  The complaint, among other things, alleges, in effect, that January 6, 1896, the defendant land company acquired title to the land covered by the mortgage by deed which was recorded, and afterwards, for value received, it procured an extension of the time of payment of the note and mortgage to September 7, 1900, and assumed and agreed to pay the same; that March 18, 1900, Henry Herman, in consideration of $2,500 paid to him by the plaintiff, duly sold, assigned, and transferred said note and mortgage to the plaintiff by written assignment, which was recorded on that day; that the mortgagors and the land company had made default in payments; that there was due thereon the amount therein stated; that the other defendants had or claimed to have some interest in or lien upon the mortgaged premises, or some part thereof, which interest or lien, if any, had accrued subsequently to the lien of the plaintiff's mortgage.

The defendant *Herman Manzke* separately answered by way of counterclaim, and alleged, in effect, ·that Frank Kosecki and wife executed another note and mortgage September 1, 1894, to one Charles Hahn, for $300, and recorded the same September 14, 1894, and which were assigned by Hahn to the defendant *Manzke* October 31, 1894, and the assignment thereof was recorded December 14, 1896,

and prayed judgment for the foreclosure of the same, and that the same be adjudged to be a lien prior to the mortgage of the plaintiff, and prior to any and all liens of any of his codefendants.

The defendants *Amalia Kramer,* as widow and administratrix of the estate of Emil Kramer, deceased, and *Arthur Kramer,* separately answered by way of counterclaim, and alleged, in effect, that Frank Kosecki and wife executed another note and mortgage September 1, 1894, to the said Charles Hahn, for $400, covering the property described, and the same was recorded September 14, 1894, and said note and mortgage were duly assigned to the said Emil Kramer December 15, 1896, and the assignment thereof was duly recorded on that day; that said note and mortgage had been foreclosed, and the mortgaged premises sold on the judgment of foreclosure and sale to Emil Kramer, and a sheriff's deed was executed thereon to him, and the same was recorded December 26, 1900; and prayed judgment that the *Kramers* have title to the mortgaged premises free and clear from any incumbrances except the *Manzke* mortgage.

The plaintiff, by way of reply, put in issue each of such counterclaims. The several dates of executing the respective mortgages and the recording of the same, and the assignments of the respective notes and mortgages and the recording of such assignments, are undisputed, and are as stated above.

At the close of the trial the court found, in addition to the facts stated, so far as they relate to the issues here involved, in effect: (3) That Herman was induced to loan to Frank Kosecki the $2,500, and to receive as security for the repayment thereof the note and mortgage for that amount, mentioned, upon the representations made to Herman by Frank Kosecki that he was the owner of the mortgaged premises; that they were free and clear of all liens and incumbrances, and that such mortgage would be the first lien

thereon, and that at the time of recording that mortgage the records in the register's office showed such to be the facts after examination by a competent and reliable abstracter; that, relying upon such representations and records, Herman loaned the $2,500, and received therefor the note and mortgage mentioned; (7) that the plaintiff is the owner of the Herman note and mortgage and the assignment of the land contract mentioned, and that there is due thereon from Frank Kosecki and the land company the amount therein stated; (11) that all the allegations contained in the complaint in this action are proven and true; (12 to 21) that, after finding the amount due on the notes and mortgages so assigned to and held by *Manzke* and *Kramer,* respectively, it was found that said two mortgages were concurrent, and the liens thereof equal and concurrent; (22) that in the foreclosure of the note and mortgage so held by the *Kramers* neither *Manzke* nor Herman nor the plaintiff herein were made parties thereto, and that judgment was entered therein October 10, 1899, without either of them being made parties therein; (23) that Emil Kramer died March 8, 1901, and the other *Kramers* mentioned succeeded to his right therein; (24) that the several amounts due for taxes were as found; (25) that the value of the premises was inadequate to pay all the liens thereon; (26) that notice of the pendency of the action, as required by sec. 3187, Stats. 1898, was filed in the register's office March 28, 1901. As conclusions of law the court found, in effect, that the plaintiff's mortgage was the first lien upon the mortgaged premises, and that all the liens of the other defendants were subordinate and subsequent thereto; that the plaintiff was entitled to judgment of foreclosure and sale of the mortgaged premises, as prayed in her complaint; that the mortgages held by *Manzke* and *Kramer* were both subsequent and subordinate to the lien of the plaintiff's mortgage, but, as between themselves, were concurrent mortgages, and the liens thereof were equal and con-

current; and that the plaintiff was entitled to the appointment of a receiver, and judgment as therein found.

From the whole of the judgment entered according to such findings the defendants *Manzke* and the *Kramers* appeal to this court, except that part thereof wherein the amount due the plaintiff for principal, interest, premiums on insurance, and solicitor's fees are adjudged.

*Harlow Pease* and *Gustav Buchheit,* for the appellants.

For the respondent there was a brief by *E. G. Comstock,* attorney, and *Hoyt, Doe, Umbreit & Olwell,* of counsel, and oral argument by *J. B. Doe.*

CASSODAY, C. J.   It is conceded that the two Hahn mortgages were executed six days prior to the date of the Herman mortgage.   It is conceded that the Herman mortgage was recorded one day prior to the recording of either of the Hahn mortgages.   It is also conceded that each of the three mortgages covers and includes the same premises.   The question to be determined is whether, by virtue of the statutes, the liens of the Hahn mortgages are subject and subordinate to the lien of the Herman mortgage by reason of the last-named mortgage having been first recorded.   The statute declares that:

"Every conveyance of real estate within this state hereafter made  .  .  .   which shall not be recorded, as provided by law, shall be void as against any subsequent purchaser in good faith and for a valuable consideration, of the same real estate, or any portion thereof, whose conveyance shall first be duly recorded."   Sec. 2241, Stats. 1898.

There can be no question but that the term "conveyance," as used in that section, must be construed to embrace a mortgage, and that the term "purchaser," as so used, must be construed to embrace a mortgagee.   Sec. 2242, Id.   Herman was certainly a "purchaser" subsequent to Hahn, and his mortgage or "conveyance" was first "duly recorded," within the

meaning of the statute. Id. The question, therefore, is reduced to this: Was Herman such "purchaser" in good faith, and for a valuable consideration? It is undisputed that he paid the full consideration of the mortgage. The appellants claim that he was not a purchaser in good faith within the meaning of the statute. In support of such contention it is said that at the time of the execution of the Herman mortgage the title to the mortgaged premises was in one Clara D. Farrington, from whom Frank Kosecki held a contract for its purchase. Of course, the same was true when the Hahn mortgages were executed six days before. The deed from Clara D. Farrington to Frank Kosecki was dated September 6, 1894, and acknowledged September 8, 1894, but was not recorded until September 12, 1894. It recited a consideration of $1,450. It appears that a part of the loan from Herman was used to pay Clara D. Farrington the balance due her on the land contract. After the deed from Farrington to Frank Kosecki had been recorded, and assurances had been given as to the perfection of the title, and Herman had examined the premises, and on the morning of September 13, 1894, Herman gave his check to Louis Auer & Sons, through whom the loan was negotiated, for $2,000, and received from them the note and mortgage, and he immediately put the mortgage on record, and two days afterwards gave his check for the balance. Manifestly, the papers were held by the persons so negotiating the loan from September 7, 1894, when the application therefor was made, until September 13, 1894, for the purpose of perfecting the title. There is nothing to impeach the good faith of Herman in the transaction. The evidence is ample to justify the trial court in holding that Herman was a "purchaser in good faith and for a valuable consideration," within the meaning of the statute. The mere fact that Herman made no inquiry as to whether Kosecki had given any mortgage on the premises before receiving his deed from Farrington is without significance.

Nor is the fact that that deed recited a consideration of $1,450. Evidently Herman regarded the lands as good security, and the findings of the trial court seem to indicate that the lands were of the value of $3,500 when the judgment was entered. The next day after the Herman mortgage was so recorded, the two Hahn mortgages were recorded. The statute quoted in effect declares that those two mortgages were "void, as against any subsequent purchaser in good faith and for a valuable consideration, of the same real estate," as it is found to be true in respect to Herman. Had Herman retained his mortgage, and foreclosed the same, and Hahn had retained the two mortgages so taken by him, there could have been no reasonable doubt but that the lien of the Hahn mortgages would have been subject and subordinate to the Herman mortgage.

2. But counsel for the appellants seem to think that the superior lien of the Herman mortgage had become subordinate to the lien of the Hahn mortgages, because the assignments of the Hahn mortgages had been recorded before the assignment of the Herman mortgage to the plaintiff. In support of such contention counsel seem to rely on *Butler v. Bank of Mazeppa,* 94 Wis. 351, 68 N. W. 998. It is true that in that case it was held that "an assignee of a mortgage is a 'purchaser,' and the assignment is a 'conveyance,' within the meaning of" the sections of the statutes cited; but it was also expressly held in that case that, "in order that the assignee's lien may take precedence over another mortgage, which, although a prior lien, was not first recorded, the assignment must have been recorded prior to the recording of the latter mortgage." In that case the mortgages "were apparently contemporaneous in execution," but Fowler (one of the mortgagees) "knew when he took his mortgage" that "the plaintiff's mortgage was simply an extension *pro tanto* of his previously existing purchase-money mortgage," and he "voluntarily accepted it with the knowledge that it was in-

tended to be, as it was in fact, a subsequent lien." That case was quite similar in principle to the more recent case in this court, *Trompczynski v. Struck,* 105 Wis. 437, 440, 441, 81 N. W. 650. Neither of those cases sustains the proposition for which counsel for the appellants contend. It is elementary that "the assignee of a chose in action stands exactly in the shoes of his assignor. He succeeds to all of his rights and privileges, but acquires no greater right than his assignor had in the thing assigned." 2 Am. & Eng. Ency. of Law (2d ed.) 1079; *Kinney v. Kruse,* 28 Wis. 183,190; *Parmalee v. Wheeler,* 32 Wis. 429. We must hold that the recording of the assignments from Hahn gave to the holders thereof, respectively, no superior lien upon the mortgaged premises, as against Herman, and the plaintiff as his assignee, than that possessed by Hahn.

*By the Court.*—The judgment of the circuit court is affirmed.