70 Wis.2d 985 (1975)
236 N. W. 2d 643
HOWARD, receiver of the assets of Caren Pfeffer, Respondent,
v.
STATE FARM MUTUAL AUTOMOBILE LIABILITY INSURANCE COMPANY, Appellant.
No. 86 (1974).
Supreme Court of Wisconsin.
Submitted December 1, 1975.
Decided December 19, 1975.
*989 For the appellant the cause was submitted on the brief of Otjen, Philipp & McFadyen of Milwaukee.
For the respondent the cause was submitted on the brief of Warshafsky, Rotter & Tarnoff, S. C., attorneys, *990 and Ted M. Warshafsky and Alan Gesler of counsel, all of Milwaukee.
Submitted under sec. (Rule) 251.54 December 1, 1975.
BEILFUSS, J.
State Farm raises three issues upon appeal. First, State Farm contends that the trial court erred in concluding that the matter of mitigated damages was neither properly raised nor sufficiently proved. Secondly, State Farm contends that its offers of judgment for the policy limits prior to the trial on Toomey's claim preclude, as a matter of law, a finding of bad faith on its part. Finally, State Farm argues that a new trial should be granted because of errors in the court's instructions.
State Farm asserts that the trial court erred in refusing to limit liability in this case to the policy limits. It concedes that there is evidence to support the jury's finding that it acted negligently and in bad faith with respect to the defense and settlement of William Toomey's claim. However, State Farm argues that Caren Pfeffer failed to mitigate the damages which resulted from its conduct by failing or refusing to contribute toward an available settlement of that claim.
The record shows that counsel to Toomey made several overtures to State Farm and the insurer of the other vehicle to settle for the insurer's combined policy limits of $20,000. State Farm either ignored or rejected these offers and communicated none of them to Mrs. Pfeffer. The offers were eventually withdrawn. Shortly before the trial on his claim, however, Toomey again offered to settlethis time for $30,000. This offer required the payment by the insurers of both vehicles of their policy limits and the contribution of $10,000 by Caren Pfeffer. Mrs. Pfeffer was informed of this opportunity to settle about a month before the trial, but did not have $10,000 or any other substantial amount available to her from her own resources. State Farm *991 contends that by failing to make attempts to raise the money, Caren Pfeffer unreasonably exposed herself to a judgment in excess of the policy limits.
Assuming the applicability of the doctrine of mitigation to this case, we believe that failure to mitigate damages is an affirmative defense which must be raised by answer or be deemed waived.[1] State Farm asserts that this requirement is intended only to insure that the plaintiff is made aware of the defenses which will be raised and to afford him an opportunity to meet those defenses at trial. State Farm further points out that, prior to the trial in this case, the matter of mitigation was raised by order to show cause.
It is true that pleadings, including the answer, are intended primarily to fairly apprise the opposing party of matters to be tried.[2] It does not follow, however, that the duty to affirmatively plead mitigation was dispensed with by the fact that State Farm raised the issue by affidavit in support of its order to show cause. State Farm contends that the issue was fully briefed at the time, but the record does not contain an indication of how the trial court disposed of the issues raised by that order. As the trial court noted, State Farm failed to amend its pleading to correctly reflect the issues it wished to be decided at trial. We agree that the appellant waived its right to rely on mitigation as a defense to plaintiff's damage claim.
The trial court concluded that, even in the absence of waiver, State Farm had failed to show that Mrs. Pfeffer could have raised the $10,000 by reasonable effort. The defendant has the burden of proof on the mitigation *992 issue.[3] It should be noted that the question of damages in this case was not submitted to the jury, but was answered by the trial court as a matter of law. State Farm does not contend on appeal that the mitigation issue should have been submitted to the jury. It does argue, however, that Mrs. Pfeffer made no attempt to raise the money which would have settled the case and avoided the excess verdict.
Mrs. Pfeffer testified that she was aware of the possibility that a judgment could be entered in excess of her policy limits. She also was aware that the case could have been settled by her contribution of $10,000. She stated, however, that she did not have the money available to her and made no attempt to raise it. She stated that she was given no suggestions on how to obtain the money. Mrs. Pfeffer was a housewife and part-time beautician. There is no indication that Mrs. Peffer knew the full extent of her potential exposure at the time the opportunity for settlement arose. In light of her financial condition, it made very little practical difference whether her ultimate liability was $100,000 or $10,000. Both sums were far beyond her capabilities. We agree with the trial court that there was no evidence of a lack of reasonable effort on the part of Pfeffer to mitigate damages.
As to the whole issue of mitigation, the respondent contends there is no legal duty to mitigate on the part of the insured where as here, by the terms of the policy, the insurance company was given the exclusive right to control the defense to the claim and eventually the action. Further, he argues, that by virtue of such contractual right the law imposes upon the insurer an obligation to act in good faith to protect the insured's interests, and where the insurer has not complied with *993 the good-faith obligation the duty to mitigate does not arise.
State Farm contends that in all cases, be they tort or contract, the injured party has a duty to mitigate damages.
True, the general rule does require the damaged party to use reasonable efforts to mitigate the damages.
In this case, because we agree with the trial court that the insurer has either waived or failed to prove the failure to use reasonable efforts to mitigate, we do not reach the issue of whether there was a duty to mitigate. The resolution of that problem should await a more adequate pleading and factual background than presented in the record in this case.
The first trial on the Toomey claim was scheduled for March 17, 1970. On March 13, 1970, State Farm offered to permit judgment to be taken against it for its policy limits plus costs. That trial ended in a mistrial by reason of the illness of a juror. The second trial was scheduled for May 19, 1970. On March 26, 1970, State Farm again made an offer of judgment for policy limits plus costs. State Farm contends that these offers of judgment preclude, as a matter of law, a finding that it acted in bad faith. The respondent contends that, as a result of the prior appeal in this case, the offers of judgment cannot defeat a finding of bad faith as a matter of law. Alternatively, respondent argues that the issue was not presented to the trial court and, therefore, cannot be raised for the first time on appeal.
In Howard v. State Farm, supra, this court determined that whether State Farm had acted negligently or in bad faith in handling the Toomey claim was a question for the jury and could not be decided on reciprocal motions for summary judgment. The respondent points out that State Farm's offers of judgment were a part of the record on that appeal and contends that this *994 court impliedly held that such offers could not preclude a finding of bad faith. The respondent also notes that State Farm made a similar argument on the first appeal.
Where this court has, on a previous appeal, held that an issue is one for the jury, that holding becomes the law of the case and cannot be challenged by a subsequent appeal unless there is a substantial variance in the facts. Here there is no substantial variance in the facts and State Farm should not be entitled to a re-examination of the issues decided on the first appeal.[4]
Even assuming that the first appeal did not decide the issue, it appears that State Farm is precluded from raising it here. It is the general rule that issues not presented to the trial court will not be considered for the first time on appeal.[5] State Farm apparently asserts that the issue was raised at the trial level by its motion for nonsuit which followed the presentation of plaintiff's case. However, it is clear, as respondent notes, that the basis for that motion was that plaintiff had failed to prove bad faith by clear, satisfactory and convincing evidence. State Farm's challenge, by that motion, was clearly directed to the evidence relating to its handling of the Toomey claim prior to making its offers of judgment. No reference was made in the context of the motion to the offers of judgment.
In any event, the appellant's argument that an insurer's offer of judgment under sec. 269.02, Stats. 1969,[6] should in all cases preclude a finding of bad faith, as a *995 matter of law, is without merit. Such a holding would render an insurer's prior conduct without consequence. It is true that the offer of judgment statute is designed to encourage settlement of cases. However, its aim in this regard is to avoid court delay.[7] It is not designed specifically to protect the interests of an insured against the negligence and bad faith of an insurer who refuses to settle within the policy limits. As a result, an offer of judgment by an insurer, while it may be relevant in some cases to the overall question of bad faith, cannot, as a matter of law, preclude such a finding. A contrary holding would deprive the insured of the law's protection in the case where it is most neededthe one with unquestioned liability and damages far in excess of policy limits. The insurer could be encouraged to gamble with the insured's money in the hope of saving some of its own. When it becomes apparent that the gamble has failed and that the case will be tried, the insurer could avoid liability for the excess simply by offering its policy limits in judgment. Such is not the law.
State Farm's final contention is that the court should exercise its discretionary reversal powers under sec. 251.09, Stats., and order a new trial in the interest of justice because of what appellant terms a "misapplication of the standards" by the trial court in its instructions to the jury on the insurer's duty of good faith. The record reveals that State Farm requested the court to utilize the model jury instruction relating to an insurer's obligations in excess liability cases (Wis J I Civil, Part II, 3120), and objected to plaintiff's proposed instructions. However, appellant concedes that it did not object to the form of the instructions as finally given and, indeed, assisted in its formulation.
*996 The respondent rightfully argues that appellant, by failing to object, has waived any error in the instructions. State Farm may not, as a matter of right, challenge the appropriateness of the jury instructions where it has assisted in their preparation and has failed to object to their final form. This court will review instructions where no objection has been made only in "extraordinary situations."[8] Error of law does not follow automatically from the fact that the model instructions were not employed. Indeed, model instructions should at times be altered to meet the needs of the specific case.[9]
While State Farm implies that the instruction given in this case demonstrates an erroneous application of rules of law, it does not point to any particular portion of the instruction which is supposed to be erroneous. The court ordinarily will not independently examine the instructions and determine whether there was any error. State Farm's failure to point with specificity to a particular portion or portions of the instructions supposed to be erroneous precludes meaningful review. In any event, a reading of the instructions does not reveal any apparent errors of law.
By the Court.Judgment affirmed.
NOTES
[1] See: Schiller v. Keuffel & Esser Co. (1963), 21 Wis. 2d 545, 553, 124 N. W. 2d 646; Kennedy-Ingalls Corp. v. Meissner (1960), 11 Wis. 2d 371, 105 N. W. 2d 748.
[2] Prestin v. Baumgartner (1970), 47 Wis. 2d 574, 177 N. W. 2d 825.
[3] See: Schmidt v. Schabow (1953), 265 Wis. 154, 60 N. W. 2d 735; Byrnes v. Metz (1972), 53 Wis. 2d 627, 193 N. W. 2d 675.
[4] See: Schneck v. Mutual Service Casualty Ins. Co. (1964), 23 Wis. 2d 649, 128 N. W. 2d 50; Cathey v. Industrial Comm. (1964), 25 Wis. 2d 184, 186, 130 N. W. 2d 777.
[5] Fond du Lac Skyport, Inc. v. Moraine Airways (1975), 67 Wis. 2d 109, 226 N. W. 2d 428; Williams v. Hofmann (1974), 66 Wis. 2d 145, 223 N. W. 2d 844.
[6] See: Sec. 269.02, Stats. 1969.
[7] See: Vroman v. Kempke (1967), 34 Wis. 2d 680, 687, 150 N. W. 2d 423.
[8] See: Bohlman v. American Family Mut. Ins. Co. (1974), 61 Wis. 2d 718, 214 N. W. 2d 52; Hein v. Torgeson (1973), 58 Wis. 2d 9, 205 N. W. 2d 408; Baierl v. Hinshaw (1966), 32 Wis. 2d 593, 146 N. W. 2d 433.
[9] See: Leibl v. St. Mary's Hospital of Milwaukee (1973), 57 Wis. 2d 227, 203 N. W. 2d 715.