**Emmanuil MOUTSOPOULOS, Plaintiff-Appellant,**

v.

**AMERICAN MUTUAL INSURANCE COMPANY OF BOSTON, a corporation, Defendant-Appellee.**

No. 78–1870.

United States Court of Appeals, Seventh Circuit.

Argued April 24, 1979.

Decided July 20, 1979.

As Amended on Denial of Rehearing Oct. 1, 1979.

Paul D. McRoberts, Minneapolis, Minn., for plaintiff-appellant.

Proctor D. Robison, Milwaukee, Wis., for defendant-appellee.

Before FAIRCHILD, Chief Judge, MOORE, Senior Circuit Judge,* and WOOD, Circuit Judge.

HARLINGTON WOOD, Jr., Circuit Judge.

The sole issue presented in this appeal is, once an insurance company's liability for its bad faith refusal to settle a claim against its insured is established, whether the assignee of the insured's cause of action against the insurer is entitled as a matter of law to recover damages equal to the excess judgment entered against the insured.

In October 1969 a Chicago and Northwestern Transportation Company (C&NW) train collided with an automobile owned and operated by Ann Holbus at a railroad crossing in Racine, Wisconsin. Emmanuil Moutsopoulos, a switchman for the C&NW, was severely injured in the accident. In December 1969 Moutsopoulos filed a personal injury action in federal district court against the C&NW, Holbus, and Holbus' insurance company, the American Mutual Insurance Company of Boston (American Mutual). Prior to trial Moutsopoulos settled his claim against the C&NW for $240,-000 and the railroad was dismissed. The plaintiff also extended an offer of settlement to Holbus and American Mutual in the amount of $50,000, the insured's policy limit for automobile liability. American Mutual, however, refused to settle and the case proceeded to trial. Subsequently, the jury returned a verdict for the plaintiff for $374,186 and assessed the liability for Moutsopoulos' injuries equally against Holbus

---

* The Honorable Leonard Page Moore, Senior Circuit Judge for the Second Circuit Court of Appeals, is sitting by designation.

and the railroad. Amended judgments were later entered against Holbus and American Mutual jointly for the $50,000 policy limit and against Holbus alone for the excess judgment of $137,093.

After an unsuccessful appeal to this court, American Mutual paid the $50,000 judgment and approximately $25,000 in costs and interest on both judgments. In October 1974 Holbus assigned to Moutsopoulos her cause of action against American Mutual arising out of the insurer's bad faith and breach of contract in refusing to settle the personal injury claim against her. In return, Moutsopoulos agreed "never to execute, levy or otherwise attempt to enforce . . . any judgment against Ann Holbus, her heirs and assigns."

In November 1974 Moutsopoulos, as Holbus' assignee, commenced this action against American Mutual to recover the $137,093 excess judgment. At the close of this six-day trial, the plaintiff submitted a jury instruction which required the award of damages to equal the excess judgment.[1] The district court judge, however, rejected this instruction and allowed both parties to argue the issue of damages before the jury. Later, in reference to damages, the trial judge instructed the jury that in the event bad faith by the insurer was found, damages should equal the sum of money that "will reasonably compensate the plaintiff, Emmanuil Moutsopoulos, as assignee of the rights of Ann Holbus for the damages sustained by Ann Holbus." The jury, finding that the defendant had been guilty of bad faith in refusing to settle the claim against Holbus, awarded Moutsopoulos $59,186 in damages.[2] Thereafter, Moutsopoulos

moved unsuccessfully to amend the award notwithstanding the verdict to $137,093.

■ On appeal the plaintiff argues that the trial court erred in rejecting his proposed jury instruction because he was entitled to the full amount of the excess judgment as a matter of law. He also charges that the jury's award of damages was contrary to the evidence. The plaintiff thus urges this court either to reverse the district court's denial of his motion to amend the judgment notwithstanding the verdict to $137,093 or to grant a new trial solely on the issue of damages. The defendant, on the other hand, submits that the question of damages constituted a disputed factual issue which belonged before the jury. We hold that once an insurer is liable for exercising bad faith toward its insured, the insured's assignee is entitled as a matter of law to damages equal to the excess judgment.

### I.

■ An excess judgment arises when an insurance company's bad faith refusal to settle a claim against an insured party subjects the insured to a judgment which exceeds the policy limits of his insurance contract. *See generally* Keeton, *Liability Insurance and Responsibility for Settlement*, 67 Harv.L.Rev. 1136 (1954). Of course, no court has held that an insurance company must accept all settlement demands, but the Wisconsin Supreme Court has held that an insurance company owes the insured a duty of good faith when rejecting a settlement. *Hilker v. Western Automobile Insurance Co.*, 204 Wis. 12, 235 N.W. 413 (1931) (on rehearing).[3] In Wisconsin this duty arises

---

1. The plaintiff's jury instruction on damages provided:

    To maintain an action of bad faith it is not required that the excess judgment be paid. Neither the right of action nor the measure of damages depends upon the fact of payment. The judgment against the insured party constitutes a legal injury to her.

2. Both sides concede that the jury probably reached this sum by subtracting the money Moutsopoulos had already received ($240,000 from the settlement with the C&NW, $50,000, the policy limit from American Mutual, and

$25,000 in costs and interest fees from the insurance company) from $374,186, the sum at which the first jury assessed his injuries.

3. *See also* Annot., 40 A.L.R.2d 168 (1955). Some jurisdictions hold insurance companies to a duty of both good faith and reasonable care. *See Anderson v. St. Paul Mercury Indemnity Co.*, 340 F.2d 406, 408 (7th Cir. 1965); Keeton, *Liability Insurance and Responsibility for Settlement*, 67 Harv.L.Rev. 1136, 1140–42 (1954); Annot., 63 A.L.R.3d 725 (1975). The Wisconsin Supreme Court has interpreted the duty of

from the provisions in an insurance contract which give the insurer absolute control over the defense and settlement of all claims against the insured, *id.* at 13–14, 235 N.W. at 414, and requires that the insurance company actively pursue a settlement within the policy limits, *Alt v. American Family Mutual Insurance Co.*, 71 Wis.2d 340, 350–52, 237 N.W.2d 706, 713 (1976).[4] Neither party in this case, however, contests the jury's determination that American Mutual exercised bad faith in its handling of Moutsopoulos' personal injury claim. Therefore, we need only consider the adequacy of the jury's award of $59,186 in damages to Moutsopoulos, the assignee of Holbus' claim.

## II.

Although as the defendant asserts, no reported Wisconsin decision specifically addresses the issue, we believe that the Wisconsin Supreme Court would hold that an insured party in a judgment action is entitled as a matter of law to damages equal to the full amount of the excess judgment.[5] In *Schwartz v. Norwich Union Indemnity*, 212 Wis. 593, 250 N.W. 446 (1933), the supreme court affirmed the trial court's denial of the defendant's demurrer which contended that, because the insured had not yet paid the excess judgment, no damages could be established. The court held that the insured's cause of action arose and his damages occurred when the excess judg-

ment was entered against him. "The judgment constitutes a legal injury to the judgment debtor regardless of failure of payment previous to the action." *Id.* at 595, 250 N.W. at 446. In *Howard v. State Farm Mutual Automobile Insurance Co.*, 60 Wis.2d 224, 227, 208 N.W.2d 442, 443 (1973), the court, in affirming the lower court's denial of motions for summary judgment on the issue of liability, announced that in the event liability was determined the insurer would be liable for the full excess judgment:

> When, as here, the insurer undertakes and controls the defense of a claim against its insured, it has a duty not only to protect itself to the extent of its liability but it must act in good faith to protect the interest of its insured. If it fails to do so it is liable to its insured for the amount the insured required over and above the policy limits.

In a subsequent appeal in the same case, *Howard v. State Farm Mutual Automobile Liability Insurance Co.*, 70 Wis.2d 985, 236 N.W.2d 643 (1975), the supreme court affirmed the judgment in favor of the plaintiff and noted that the trial court had stated that damages were the full amount of the excess judgment as a matter of law.

These decisions strongly suggest that the Wisconsin court would follow the general rule established in other jurisdictions. "The normal recovery, where the insurer's action-

good faith as including the duty of ordinary care. *See Anderson v. Continental Insurance Co.*, 85 Wis.2d 675, 271 N.W.2d 368 (1978); *Alt v. American Family Mutual Insurance Co.*, 71 Wis.2d 340, 237 N.W.2d 706 (1976); *Hilker v. Western Automobile Insurance Co.*, 204 Wis. 12, 15, 235 N.W. 413, 415 (1931) (on rehearing).

4. The Wisconsin Supreme Court enumerated three duties that an insurance company owes its insured before refusing to settle: (1) the insurer must exercise diligence to ascertain the facts determining liability, (2) the insurer must inform the insured of the probability that the claimant's recovery will exceed the indemnity, and (3) the insurer must ensure that the insured is timely and adequately informed of all settlement offers received and of the progress in any settlement negotiations. *Baker v. Northwestern National Casualty Co.*, 22 Wis.2d 77, 82–83, 125 N.W.2d 370, 372–73 (1963). The

supreme court also declared that "[o]nly if overtures towards settlement appear . . . to be 'jocular or frivolous,' may an insurance company ignore them, and even then it does so at its own peril." *Alt v. American Family Mutual Insurance Co.*, 71 Wis.2d 340, 348, 237 N.W.2d 706, 712 (1976) (citation omitted).

5. In holding that the plaintiff is entitled to the full amount of the excess judgment, we restrict ourselves to circumstances where the excess judgment constitutes the only injury asserted. We are aware that under certain circumstances a plaintiff may recover damages in addition to this amount. *See Crisci v. Security Insurance Co.*, 66 Cal.2d 425, 58 Cal.Rptr. 13, 426 P.2d 173 (1967) (plaintiff in excess judgment action awarded full amount of the excess judgment plus $25,000 for mental suffering).

able bad faith or negligence is established and an excess judgment is recovered, is the amount for which the insured becomes charged in excess of his policy coverage." 44 Am.Jur.2d *Insurance* § 1532 (1969). The Court of Appeals of Kentucky declared that in an excess judgment "the damage to [the insured] is apparent. It is the difference between the total amount of the judgments and the limit of the policy." *State Farm Mutual Automobile Insurance Co. v. Marcum*, 420 S.W.2d 113, 118 (Ky.1967). The Second Circuit, construing New York law, held that damages in an excess judgment action are the full amount of the judgment even when the insured's debts have been discharged in bankruptcy. *Young v. American Casualty Co.*, 416 F.2d 906 (2d Cir. 1969), *cert. dismissed*, 396 U.S. 997, 90 S.Ct. 580, 24 L.Ed.2d 490 (1970). There the court reasoned that "[t]he only way to make the insured whole, i. e., to place him in a position where his net assets are as great after as before payment of the excess judgment, would be to allow him to recover the entire amount of that judgment." *Id.* at 911 (quoting *Harris v. Standard Accident & Insurance Co.*, 297 F.2d 627, 632 (2d Cir. 1961)). The Eighth Circuit, applying Minnesota law, indicated that damages in an excess judgment action may equal the amount of the judgment against the insured over the policy limit. *Herges v. Western Casualty & Surety Co.*, 408 F.2d 1157 (8th Cir. 1969). There the court of appeals reversed the district court's finding that the insurer acted in good faith in refusing to settle a claim within the policy limit and entered judgment for the plaintiff in the amount of the excess judgment.

## III.

The defendant contends that the entitlement to damages in an excess judgment action may be diminished by virtue of an assignment. In essence, the defendant asserts that when Holbus assigned her claim against American Mutual to Moutsopoulos, she was released from all obligations to pay the excess judgment. Thus, the defendant submits in his brief that the excess judgment "faded into nothingness" and the as-

signee's right to recover the full amount of the excess judgment dissipated. This argument is meritless.

█ Elementary contract law provides that upon a valid and unqualified assignment the assignee stands in the shoes of the assignor and assumes the same rights, title and interest possessed by the assignor. *Kornitz v. Commonwealth Land Title Insurance Co.*, 81 Wis.2d 322, 327, 260 N.W.2d 680, 683 (1978); *Allison v. Manzke*, 118 Wis. 11, 18, 94 N.W. 659, 662 (1903). Therefore, if the assignment between Moutsopoulos and Holbus was valid, Moutsopoulos is entitled to the same rights to recover damages as those possessed by Holbus.

The Wisconsin Supreme Court has held that excess judgment actions are assignable under Wisconsin law. *Nichols v. United States Fidelity & Guaranty Co.*, 37 Wis.2d 238, 155 N.W.2d 104 (1967). This court, in *Bailey v. Prudence Mutual Casualty Co.*, 429 F.2d 1388, 1389 (7th Cir. 1970), affirmed the validity of this type of assignment declaring that "[t]here is nothing inherently wrong in the assignment of a cause of action. In fact, the assignment technique has frequently been used for prosecuting 'bad faith refusals to settle' claims." Other jurisdictions have also approved the assignment of excess judgment actions. *See Liberty Mutual Insurance Co. v. Davis*, 412 F.2d 475 (5th Cir. 1969) (applying Florida law); *Gray v. Nationwide Mutual Insurance Co.*, 422 Pa. 500, 223 A.2d 8 (1966); *Brown v. Guarantee Insurance Co.*, 155 Cal.App.2d 679, 319 P.2d 69 (1957). Furthermore, strong policy reasons favor assignments of this nature. The Fifth Circuit in *Liberty Mutual Insurance Co. v. Davis*, 412 F.2d 475 (5th Cir. 1969), observed that the insured is often discouraged from bringing an action since he must bear the risks and costs of litigation only to forfeit any award. The court of appeals noted that in the absence of an assignment the insured may be forced to discharge the debt in bankruptcy, leaving the injured claimant with a judgment-proof debtor and allowing the insurance company "to play fast and loose with claims against

their less affluent policyholders." *Id.* at 485. *See also* Note, 52 Cornell L.Q. 778 (1967). Thus, by permitting an assignment of the excess judgment claim against the insurer to the injured claimant, the insured may avoid bankruptcy while the claimant and the courts are allowed to devote their time, energy and resources to one rather than two lawsuits.

This case is reversed and remanded and the district court is directed to enter judgment for the plaintiff in the amount of $137,093.

Reversed And Remanded With Instructions.

### On Petition for Rehearing

The plaintiff-appellant has petitioned this court for a rehearing pursuant to Fed.R. App.P. 40 on the question of the interest which should be awarded either as an element of damages or on the judgment itself. On consideration of the petition and the defendant-appellee's answer, all judges on the original panel have voted to deny the petition. Under the circumstances, the plaintiff is not entitled to interest prior to the time of the district court's entry of judgment in his favor on July 7, 1977. Interest cannot reasonably be included as part of damages.

Under Wisconsin law, prejudgment interest can ordinarily be recovered if the amount claimed and recovered was readily determinable. The defendant's denial of liability will not defeat a claim for prejudgment interest. *Wyandotte Chemicals Corp. v. Royal Electric Manufacturing Co.*, 66 Wis.2d 577, 585, 225 N.W.2d 648, 652 (1975). We have held in this case that the full amount of the excess judgment was recoverable as a matter of law once liability was established.

A genuine dispute as to the amount due, however, will defeat the claim for interest because the defendant cannot reasonably determine the amount due and tender it. The Supreme Court of Wisconsin found such a genuine dispute where the plaintiffs were entitled to a determinable amount of back pay, but the parties disagreed, as did the trial and appellate courts, on whether the amount should be reduced by earnings from other employment. *State ex rel. Schilling v. Baird*, 65 Wis.2d 394, 402, 222 N.W.2d 666, 671 (1974). The latter case controls our decision. In this case the parties and the trial and appellate courts disagreed on the proper measure of damages where the plaintiff was an assignee on an excess judgment claim. The plaintiff-appellant is not entitled to prejudgment interest.

As to interest on the judgment of the district court, the defendant concedes it is liable for interest on the $59,186 awarded by the district court for the period July 7, 1977 to July 20, 1979. After the latter date, interest should accrue on the entire amount awarded by this court. The mandate of this court shall direct that judgment be entered accordingly. *See* Fed.R.App.P. 37.

The Petition for rehearing is DENIED.