**United States Fire Insurance Company v. Aetna Casualty & Surety Company**

*Richard B. Tucker, III,* for plaintiffs.
*James F. Manley,* for defendant.

FINKELHOR, *J.,* October 26, 1983—This matter is before the court for disposition of the preliminary objections, filed by plaintiff United States Fire Insurance Company (U. S. Fire), to the new matter of defendant Aetna Casualty and Surety Company (Aetna). The issue is whether an insured's assignment of a claim in assumpsit against his insurer, in exchange for a "reduction" of his liability to the assignee, operates to limit the insurer's liability vis-a-vis the assignee.

## FACTS

Barati Excavating Company and the individual Baratis (Barati) were insured by Aetna under a comprehensive general liability policy. A landslide occurred at Clairton Boulevard near the residence of John and Marie Arch. Barati and the developer, Lockhard Brothers, had excavated in the area.

Aetna, the insurance carrier for Barati and the present defendant, denied payment of the claim of the Arches against Barati under a "completed operation" exclusion contained within the Barati policy. The Arches brought suit against both Barati and Lockhard Brothers.

After a trial, a verdict of $55,833 was entered in favor of the Arches against both defendants with liability over against the Baratis. Lockhard's insurer, and present plaintiff, U. S. Fire, paid the entire judgment to the Arches pursuant to an agreement entered into between Barati, U. S. Fire and Lockhard Brothers.

Lockhard took judgment against Barati in the total amount of the verdict and assigned this judgment to U. S. Fire. The Baratis also assigned to U. S. Fire their claim in assumpsit against their insurer Aetna for refusal to extend coverage under the terms of their policy of insurance. In addition, Barati agreed to the entry of judgment against itself and the individual owners of the excavating company in the amount of $15,000 in favor of U. S. Fire. However, U. S. Fire's right to execute on this judgment was conditioned on a trial court ruling in favor of Aetna on the coverage refusal claim. The agreement further provided that, if U. S. Fire settled the claim against Aetna, the $15,000 judgment would be satisfied.

The agreement permitted U. S. Fire to:

". . . seek recovery for the coverage refusal claim pursuant to the assignment . . . in its own name or in the name(s) of . . . (Barati individually or as Barati Brothers) or U. S. Fire may, at its option, elect to seek recovery . . . in its own name or in the names of (Lockhard Brothers) . . ."

The Baratis further agreed to cooperate with U. S. Fire in pursuing the assigned claim against Aetna.

The effect of the agreement limited the liability of Barati on the original $55,000 judgment to $15,000, payable only in the event that U. S. Fire was unsuccessful in its suit against Aetna. If U. S. Fire obtained a verdict against Aetna, or agreed to a settle-

ment with Aetna, Barati's liability would be terminated.

In the instant action, U. S. Fire, using both its own and the Barati name, has brought suit against Aetna for failure to honor the Barati claim. Aetna has alleged as new matter that its liability is limited to the $15,000 judgment against Barati in favor of U. S. Fire.

It is the contention of U. S. Fire that the assignment was for the total verdict and that new matter "limiting liability" should be stricken.

## DISCUSSION

Under Pennsylvania law, an insured may assign a claim against his insurer for breach of the contract of insurance. Gray v. Nationwide Mutual Ins. Co., 422 Pa. 500, 223 A.2d 8 (1966); annot. 12 A.L.R.3d 1156, annot. 63 A.L.R.3d 677. It is equally clear, under the decisions relating to the assignment of choses in action, that the assignee stands in the same shoes as his assignor. The assignment does not confer on the assignee, any greater rights than those possessed by his assignor, nor are his rights inferior to those of his assignor. U. S. Steel Homes Credit Corp. v. South Shore Development Corp., 277 Pa. Super. 308, 419 A.2d 785 (1980); Pa. Higher Education Assistance Agency v. Devore, 267 Pa. Super. 74, 406 A.2d 343 (1979). The assignee does not assert any rights of his own, but is limited to those rights possessed by his assignor and is subject to all the defenses available against the assignor. Northwestern National Bank v. Commonwealth, 345 Pa. 192, 27 A.2d 20 (1942); Dauphin Elec. Supplies Co. v. Springfield Fire and Marine Ins. Co., 81 Dauph. 191 (1963).

Aetna's position is that, since the insured's potential liability was limited by the terms of the assign-

ment of the Barati claim to a maximum of $15,000, its own liability is thereby limited to that amount. Aetna characterizes the assignment as an accord and satisfaction or a partial release of the claim and contends its own liability is reduced to the obligation retained by its policyholder.

Although the assignment of claims against an insurance company, particularly in cases of "bad faith", are recognized in this Commonwealth, Pennsylvania courts have not, directly, addressed Aetna's contentions. See Gray, supra; Shultz v. Mount Vernon Fire Ins. Co., 77 Lack.Jur. 66, 2 D.&C.3d 627 (1976); Chissler v. Nationwide Ins. Co., 64 Luz.Leg.Reg. 167, 67 D.&C.2d 225 (1974).

In order to determine the validity of the preliminary objections, it is necessary to determine the character of the assignments. U. S. Fire bases its claim on the assignment of the judgment of the Lockhards, as well as the claim of Barati against its insurer. While not raised by the parties, Lockhard retains a right of indemnification.

A careful reading of the facts of Gray, supra, also sheds light on the current case. In Gray, defendant's insurer refused to settle a claim within the $5,000 policy limit. After trial, judgment was entered against defendant in the amount of $15,000. Rather than attempting to execute against defendant, who was judgment-proof, plaintiff accepted an assignment of defendant's cause of action against its own carrier for bad faith refusal to settle. The assignment between Gray (the initial plaintiff) and MacLatchie (the initial defendant) assigned to Gray all of MacLatchie's rights against his insurance carrier. This assignment provided that, regardless of the outcome of Gray's suit against Nationwide, any obligation of MacLatchie owed to Gray would be satisfied at the conclusion of the suit of Gray against

Nationwide (422 Pa. at 502). In other words, even though the verdict was $15,000 against Gray, the amount recoverable could, in fact, be nothing. In the instant case, the parties do not limit Barati's claim, as argued by defendant, but, in fact, provide for some payment to plaintiff even if the lawsuit against Aetna is unsuccessful. Injured plaintiff (or his carrier) has, in fact, increased, not decreased, the responsibility of the debtor Barati.

An assignee may collect from the debtor the entire amount of the debt and not merely what he has paid his assignor for the claim. Citizens National Bank of Waynesburg v. Wisecarver, 300 Pa. 60, 150 Atl. 103 (1930); 3 P.L.E. assignments 199 §73 (1957).

The practice of assigning claims for bad faith refusal to settle is widespread and the view that such claims are assignable is accepted in a majority of jurisdictions. See Annot. 12 A.L.R.3d 1158. Indeed, a minority of states permit injured plaintiff to sue the insurer of defendant directly, without the benefit of an assignment, for reasons of public policy. Thompson v. Commercial Union Ins. Co., 250 So.2d 259 (Fla. 1971); Annot. 63 A.L.R.3d 1158.

In Liberty Mutual Ins. Co. v. Davis, 412 F.2d 475 (5th Cir. 1969), the court approved of an assignment of a claim by an insolvent insured against his insurer in exchange for a release of his liability on the unpaid portion of the judgment debt. Without discussing the issue of how the discharge of the judgment debtor affected the liability of the insurer, the Federal court stated:

"There are strong policy reasons in favor of approving assignment of failure to settle claims to the insured claimant. A holding to the contrary would leave many judgment creditors without recourse. The claimant awarded damages may be left with a

judgment-proof debtor whose only valuable asset is his cause of action against his insurer. It is unlikely that such an insured would undertake a complex and expensive suit against the insurer offering him no direct benefits. This would leave the injured party without recourse for his damages and would allow insurance companies to play fast and loose with claims against their less affluent policyholders. . . ." 412 F.2d at 485.

Citing this language, the court in Mousopoulos v. American Mut. Ins. Co., 607 F.2d 1185 (7th Cir. 1979), rejected the insurer's argument that the cause of action "faded into nothingness" when the insured was released of all obligation to pay the excess judgment by an assignment of the claim against the insurer.

On the basis of the current practice of assignment of insurance claims, we interpret the rule that the assignee "steps into the shoes" of his assignor to mean that he is permitted to enforce the claim against the carrier in the same manner and to the same degree as if there had been no assignment. In the instant case, this means that the U. S. Fire, as assignor, is permitted to pursue Aetna for the full amount of Barati's liability.

Based upon the above discussion, the preliminary objections of U.S. Fire are sustained and an appropriate order attached hereto.

## ORDER OF COURT

And now, this October 26, 1983, upon the preliminary objections of plaintiffs to the new matter of defendant Aetna Casualty and Surety Company, it is hereby ordered, adjudged and decreed that said preliminary objections are sustained and limitation of liability to $15,000 shall be stricken.

It is further ordered that plaintiffs are granted 20 days to file an answer to remaining new matter.